# Mobile Terminal & Railway Company v. Gladwell.

## *Assumpsit.*

(Decided May 1, 1913.  62 South. 259.)

*Principal and Agent; Pleading; Authority.*—Where the contract set forth provided that plaintiff agreed to do the grading of a line of railroad subject to the direction of the railroad's engineer, no extras to be paid for unless plaintiff agreed on the price therefor with the company itself, and a further provision that another branch might be graded under the contract, if the company exercised the option and alleging that plaintiff started work on such other branch with the consent of defendant acting through the engineer who had authority to represent defendant in regard to the grading mentioned in the option clause, the complaint is demurrable for failure to show that the engineer had the authority to exercise the option of the company in respect to such other branch.

APPEAL from Mobile Law and Equity Court.

Heard before Hon. SAFFOLD BERNEY.

Action by T. J. Gladwell against the Mobile Terminal & Railway Company, for breach of contract. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

INGE & ARMBRECHT, for appellant. The complaint fails to show that the defendant elected that the option part of the contract copied in the complaint should be exercised, and is further defective as to its allegation as to authority of Lewis the engineer, to act for defendant in exercising the option. These two questions were properly raised by demurrer, and the same should have been sustained.—31 Cyc. 1643, and authorities there cited.

WEBB & McALPINE, for appellee. There is no error in the record and the cause should be affirmed.

WALKER, P. J.—A copy of a contract between the plaintiff (the appellee here) and the defendant was made an exhibit to the complaint as it was amended. By that contract the plaintiff agreed "to do all grading of roadbed, clearing and grubbing the right of way," of the defendant's railway from the point of its intersection with the Southern Railway to the property of the North Mobile Development Company. The contract contained the following provisions: "It is also agreed between the parties hereto that at the option of the company and of the contractor this agreement shall also include the grading of the said railway from said Southern Railway Company's track southwestwardly to a point at the edge of the swamp north of Three Mile creek. * * * The work herein will be under the direct supervision of the chief engineer of the company, or his assistants, and all orders or instructions regarding the work emanating from said chief engineer or assistants shall be fully carried out by the contractor, and said chief engineer shall have the right to order the discharge of any employee of the contractor for any reasonable cause, and said discharged employee shall not be re-employed upon the work without the consent of said chief engineer. No extras of any character will be allowed unless upon the written consent of the chief engineer and the price for the same being first mutually agreed upon between the company and the contractor." The claim of the plaintiff which is asserted in this suit is based upon the clause of the contract first above quoted. After the complaint as it was changed several times by amendment had been successfully demurred to because of its failure to show that the defendant had exercised the option provided for by that clause, it was last amended so that, after averring the execution of the contract and

setting out that clause, it averred as follows: "And plaintiff avers that, pursuant to said clause, and with the knowledge and acquiescence of the defendant, acting through C. W. Lewis, the civil engineer of defendant, having authority to represent defendant in regard to the grading mentioned in said option clause, he proceeded to do the grading mentioned in said clause, and, after a portion of the said work had been done, the defendant, through its said civil engineer, C. W. Lewis, having authority to bind the defendant in that respect, in breach of the provisions of said clause, wrongfully stopped the plaintiff from doing said work, and defendant employed other persons to do said work, and plaintiff avers that said breach on the part of the defendant caused plaintiff to lose, to wit, the sum of $712.10." The complaint as so amended was demurred to upon the grounds, among others, that it does not appear from its averments that the defendant exercised the option provided for in the clause of the contract copied in the complaint, and that it does not show that C. W. Lewis was authorized to bind the defendant by electing to exercise that option. This demurrer was overruled.

It is plain that the complaint as last amended must be regarded as failing to show the existence of any right of action in the plaintiff, unless it can be construed as showing the exercise by the defendant of the option for which provision was made by the above-quoted clause of the contract. This construction cannot be given to the averments unless they can be held to show that the conduct of C. W. Lewis in permitting the plaintiff to commence to do the grading referred to had the effect of an exercise by the defendant of its option to have the plaintiff do that additional work. It is to be noted that it is not averred that Lewis was authorized by the defendant to exercise its option, but only

that he had "authority to represent the defendant in regard to the grading mentioned in said clause." This cautiously framed averment would be sustained if Lewis, as the defendant's chief engineer, had only such authority as was conferred by the clause of the contract in reference to the functions to be exercised by that official or employee. It is plain enough that this latter clause evidences the agreement of the parties that the powers of the defendant's chief engineer there mentioned were to be exercised in reference to any work done by the plaintiff under the contract, both that unconditionally contracted to be done, and the additional work that would be called for in the event of the exercise by the parties of the option provided for. But the powers thus conferred upon the chief engineer were not to bind his employer for work for which it had not contracted, but to direct and supervise the work done under contract entered into by his employer. The provision as to extras contained in this clause of the contract clearly indicates the limit of the authority intended to be conferred upon the chief engineer. Under that clause the contractor was not entitled to be allowed for extras by showing merely the written consent thereto of the chief engineer, but had to go further, and show that the price for the same was "first mutually agreed upon between the company and the contractor." We find nothing in the contract to furnish the slightest support for the claim that the defendant conferred upon its chief engineer authority to exercise for it the option for which it contracted. And we do not read the averments of the complaint as it was last amended as showing that that employee of the defendant was vested with the power or authority to bind it by the contract upon which it is sought to be charged. What is shown is that an employee of the defendant knew of

and acquiesced in the action of the plaintiff in starting on the additional work for which the option clause of the contract made provision; but it does not show that such employee was authorized by so doing to bind the defendant to a contract for that work. The complaint failing to show that the contract for the additional grading was made by the defendant or any one authorized to bind it in the premises, it was subject to the demurrer pointing out its deficiency in this respect.

The result of the above-stated conclusion is to dispose of the case presented by the record. It may be added, however, that, assuming that the complaint as it was last amended shows that the additional grading was contracted for in behalf of the defendant by a named employee who was authorized to act for it in exercising the option for which it had contracted, yet the record shows that in the trial there was an absence of any evidence having a tendency to sustain the averments of such a complaint. There was no evidence tending to prove that such employee was vested with authority to act for the defendant in the matter of exercising the option for which the latter had contracted.

Reversed and remanded.